UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terance Bryan, #254638, | ) | C/A No. 5:13-1826-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Bristol Myers Squibb Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case is before the court as a result of a transfer from the United States District Court for the District of New Jersey. The case number in New Jersey was: No. 3:12-cv-6584 (MAS).

Review of the docket indicates that neither party is currently represented by an attorney who is admitted to practice before this court, nor have any of the attorneys who were representing Defendant in New Jersey received authorization from this court to appear *pro hac vice*. Accordingly, this case is currently before this court in pro se status for both parties, requiring the reference to a magistrate judge under the court's local rules. *See* 28 U.S.C. §636(b)(1); Local Civ. R. (D.S.C.) 73.02(B)(2)(e) (magistrate judge reviews all pretrial matters in pro se cases and submits findings and recommendations to the district court).

Plaintiff has appeared pro se in this court many times. However, Defendant is a corporation, and corporations may not appear pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in federal courts only through licensed counsel."). This court's Local Civil Rules require litigants not appearing pro se be "represented by at least one member of the Bar of this Court who shall sign each pleading, motion, discovery procedure, or other document served or filed in this Court." Local Civ. R. 83.I.04 (D.S.C.). Attorneys who are members in good standing of other Bars may apply for *pro hac vice* status. Local Civ. R. 83.I.05 (D.S.C.).

This case cannot move forward without Defendant's obtaining local counsel admitted to this court, and, if it so chooses, out-of-state counsel may seek *pro hac vice* status. The required forms and explanations of this required process are located on this court's internet website: www.scd.uscourts.gov in the "Forms" section. They may also be obtained from the Clerk's Office in any division of this court.

**TO DEFENDANT**:

No later than **August 19, 2013**, Defendant is required to secure the appearance of local counsel and, if desired, submit the required documentation for the court to rule on whether to permit outside counsel to appear *pro hac vice*. Local counsel should enter a notice of appearance using the court's Electronic Filing System.

**TO THE CLERK OF COURT**:

The Clerk is directed to send a copy of this Order through the United States Postal Mail to Plaintiff and to each of the New Jersey attorneys currently listed on the docket.

The Clerk is directed to return this case to the undersigned United States Magistrate Judge for a status review at the expiration of the time set for the parties' compliance.

IT IS SO ORDERED.

July 26, 2013                                             Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

*The parties' attention is directed to the important notice on the following page.*

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Office of the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).