IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| T. Terance Bryan, # 254638, ) | CIVIL ACTION NO. 9:13-1826-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Bristol-Myers Squibb Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This prisoner action was originally filed in New Jersey state court, and was subsequently removed by the Defendant to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction. See Court Docket No. 1. On June 28, 2013, this case was transferred to the District of South Carolina. See Court Docket No. 50.

The pro se Plaintiff is an inmate at the Broad River Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff has sued the Defendant because he alleges that a drug given to him at the prison (Buspar), manufactured by the Defendant, has caused him to suffer certain injuries. Following the transfer of this case to this United States District Court, Plaintiff filed motions for issuance of a subpoena, for a default judgment, and for summary judgment.

In his motion for summary judgment, Plaintiff argues that the Defendant manufactured, marketed and sold the medication Buspar to the SCDC, and has attached what purports to be an affidavit from a "Bryan Wortman", in which Wortman "attests" to what an SCDC Nurse told the Plaintiff about the Defendant being the parent company or "tied in with" an organization called "Watson Labs". Plaintiff argues in his brief that the Defendant is the parent



company of "Watson Labs, who sells medication to SCDC". Plaintiff also refers back to his Exhibit No. 1 to a previously filed motion for summary judgment (Court Docket No. 23), which is apparently a printout from the United States Food & Drug Administration indicating that the marketing of Buspar, manufactured by the Defendant, has been "Discontinued". Plaintiff argues that the Defendant continue to market Buspar after this FDA document shows that its marketing status was "Discontinued", and that if the Defendant had "followed the FDA's order to discontinue marketing Buspar Plaintiff's liver would [have] never been damaged". Plaintiff further argues that the Defendant has refused to turn over his medical records, which would enable him to offer evidence showing he has suffered liver damage from taking Buspar. In his separately filed motion for a default, Plaintiff argues that he is entitled to entry of a default judgment against the Defendant due to the Defendant's refusal to provide him with his medical records, while in his motion for a subpoena, Plaintiff requests that a subpoena be issued to the SCDC pharmacy in order to obtain the name of the company that the Buspar came from.

Defendant argues that Plaintiff has failed to present any admissible evidence showing the drug he ingested was Buspar as opposed to the generic form of buspiron hydrochloride preparation, which is not manufactured by the Defendant. Defendant further argues that, after receiving an executed medical authorization from the Plaintiff, it subpoenaed his medical records from the SCDC, which were received by the Defendant in June 2013. See Court Docket No. 48. The Defendant additionally contends that there are no pending discovery requests outstanding, and that it is therefore under no rule or order to produce these medical records (which total over 450 pages) to the Plaintiff.

After review and consideration of the evidence and arguments presented, it is readily



apparent that Plaintiff's motion for summary judgment is premature and should be denied. A review of the docket of the case prior to transfer to this district shows that the parties were engaged in discovery disputes in New Jersey which were not resolved prior to transfer, and that discovery in this case has not been completed. In any event, the exhibits Plaintiff has provided to the Court fail to establish that he is entitled to judgment on his claim as a matter of law against the Defendant. Therefore, Plaintiff's motion for summary judgment, for default judgment, and for a subpoena should all be **denied** at this time, without prejudice.[1]

Upon adoption of this recommendation by the Court, the undersigned will issue a scheduling order setting forth a time table for completion of discovery in this case and for the filing of any dispositive motions.

The parties are referred to the notice page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 10, 2013
Charleston, South Carolina

---

[1] Although the motion for a subpoena is non-dispositive, the undersigned concludes that it would be best to consider all three of these motions in one order.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4

